SARAH TURNER, Individually and as Executrix, etc., of CHARLES C. TURNER, Deceased, Respondent, v. HYGIENE WATERPROOFING COMPANY, INC., HERBERT TEMPEST and PATRICK H. LARNEY, Appellants, and Others, Defendants.— In an action for rescission of a sale of stock for breach of duty to disclose the condition of a small corporation, affecting the value thereof, judgment modified, on the law and the facts, by striking out the first, second and fifth ordering paragraphs; by striking from the third ordering paragraph the words " have a first lien in the sum of Three Thousand ($3,000.00) Dollars, with interest from the 15th day of August, 1933," and " to the extent of the amount of the judgment herein " and by substituting therefor, respectively, " have a ten-twenty-sevenths share or interest after deduction therefrom of the sum of $71.06 in and " and " to the extent of the afore-

said share or interest;" by striking from the fourth ordering paragraph the words " to the extent of the sum of Three Thousand ($3,000.00) Dollars, with interest from August 15th, 1933," and substituting in lieu thereof the following words: " to the extent of a ten-twenty-seventh share or interest after deduction of all necessary and proper fees and disbursements and of the sum of $71.06." As so modified, the judgment is affirmed, without costs. In view of the inability of defendant Hygiene Waterproofing Company, Inc., the purchaser, to restore the stock, plaintiff is entitled to the impressment of a trust upon the proceeds of the sale of the assets of that defendant. (*A. S. R. Co.* v. *Fancher*, 145 N. Y. 552.) Equity will adjust relief in accordance with the circumstances (*Wood* v. *Dudley*, 188 App. Div. 136), and, for the purpose of tracing the proceeds of the sale of her stock, plaintiff, primarily, seeks the aid of equity. This consists of making available to plaintiff the proceeds she would have shared as a participant in the sale of the assets and stock of the defendant company which, as the contract specifically provides, amounted to $13,500 in cash and in notes. But such participation was subject to debts of the corporation, undisputed in the sum, at least, of $4,643.69. The proof is clear that no debt was owing to Tempest for services or that he had abandoned or waived any such claim. The difference between that sum and the cash received, by way of purchase price, the proceeds of one note and accounts receivable, together with two notes of $500 each, for one of which defendant company as trustee does not account, and the other of which has been disposed of, amounting to $9,851.83, is $5,208.14, of which plaintiff was entitled to ten-twenty-sevenths, or $1,928.94. She received $2,000, or an excess of $71.06. Defendant Tempest converted the remaining nine notes now represented by judgments held by defendant Larney, an assignee, and impressment of a trust thereon completes her remedy. Findings of fact and conclusions of law inconsistent herewith will be reversed and new findings and conclusions will be made. Lazansky, P. J., Adel and Close, JJ., concur; Hagarty and Carswell, JJ., dissent from the modification provided for in the prevailing decision and vote for modification as follows: By striking out of the first ordering paragraph the words " defendants Hygiene Waterproofing Company, Inc., Herbert Tempest and Patrick H. Larney in the sum of Three Thousand ($3,000.00) Dollars," and by substituting in place thereof the words " defendant Hygiene Waterproofing Company, Inc., in the sum of $1,333.33;" by striking out the second and fifth ordering paragraphs; by striking out of the third ordering paragraph the words " in the sum of Three Thousand ($3,000.00) Dollars, with interest from the 15th day of August, 1933," and " to the extent of the amount of the judgment herein," and by substituting in lieu thereof, respectively, the words " in the sum of $1,333.33 with interest from the 15th day of August, 1933, as security for the above judgment and a ten-twenty-sevenths share or interest " and " to the extent of the aforesaid lien and share or interest;" by striking out of the fourth ordering paragraph the words " to the extent of the sum of Three Thousand ($3,000.00) Dollars, with interest from August 15th, 1933," and substituting in lieu thereof the words " to the extent of the aforesaid lien and share or interest." The dissent is upon the ground that the sum paid to plaintiff was upon the representation that the property of the defendant company was " free and clear " of all debts. The company is now owned by the purchaser thereof. Irrespective of whether or not it has a cause of action on the ground that the debts were not in fact paid prior to the purchase, plaintiff is entitled to impress a trust

upon the price as paid. By way of cash received and notes, either paid, disposed of or unaccounted for by the defendant company as trustee, there was received the sum of $9,000, of which plaintiff's share would be $3,333.33. She actually received $2,000, and is entitled to judgment against the defendant company for the difference of $1,333.33. Defendant Tempest converted the remaining nine notes represented by judgments held by defendant Larney, an assignee, and impressment of a trust thereon completes her remedy. Settle order on notice.